IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **AUTOMATED PACKAGING SYSTEMS, INC.**<br>10175 Philipp Parkway,<br>Streetsboro, OH 44241<br><br>Plaintiff,<br><br>v.<br><br>**FREE-FLOW PACKAGING INTERNATIONAL, INC.**<br>34175 Ardenwood Blvd., Suite 201,<br>Fremont, CA 94555<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Automated Packaging Systems, Inc. ("Automated") files this Complaint against Free-Flow Packaging International, Inc. d/b/a FP International ("FPI") for declaratory judgment of non-infringement, and complains and avers as follows:

## NATURE OF THE ACTION

1. This is an action based on the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, seeking a declaratory judgment of non-infringement of United States Letters Patent Nos. 8,323,774 (the "'774 patent") (Ex. A) and 9,003,743 (the "'743 patent) (Ex. B) (collectively, the "Patents-in-Suit").

## THE PARTIES

2. Plaintiff Automated is a corporation existing under the laws of the State of Ohio, with its principal place of business at 10175 Philipp Parkway, Streetsboro, OH 44241. Automated Packaging is a world leader in designing and manufacturing flexible bag packaging systems that

include, for example, the patented Air Pouch EZ-Tear Pillows pictured below:



3. Upon information and belief, Defendant FPI is a corporation existing under the laws of the State of Delaware, with its principal place of business at 34175 Ardenwood Blvd., Suite 201, Fremont, CA 94555.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this controversy concerning declaratory judgment that the claims of Patents-in-Suit are not infringed by virtue of 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. This matter presents an actual case or controversy and serves the purpose of resolving the legal rights of the parties.

5. This Court has personal jurisdiction over FPI under the Ohio Long Arm Statute, O.R.C. § 2307.382, and the laws of the United States.

6. On information and belief, FPI regularly solicits business and maintains a persistent course of conduct by conducting business in the Northern District of Ohio. FPI also maintains an established distribution network for offering for sale, selling and shipping products into the Northern District of Ohio. Upon information and belief, FPI derives substantial revenue from activities within this state and has sold a substantial amount of products into this state.

7. For example, on information and belief, FPI employs two individuals, Kristi Nicholas and Ned Burry, who reside and work in the Northern District of Ohio. On information and belief, FPI employs other employees who do not live in the District but have many responsibilities in the District.

8. Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because this is the judicial district where (i) a substantial part of the events or omissions giving rise to the claims occurred; and (ii) where Defendant is subject to personal jurisdiction.

## FACTUAL ALLEGATIONS

9. On September 11, 2014, Automated filed a complaint for patent infringement against FPI in the Northern District of Ohio, accusing FPI of infringing six Automated Patents claiming inventions related to flexible bag packaging systems. This case is currently pending before the Honorable Judge Sara Lioi. (*Automated Packaging Systems, Inc. v. Free-Flow Packaging International, Inc.*, 5:14-cv-02022-SL, Doc. No. 1.)

10. On March 31, 2017, FPI filed a complaint for patent infringement against Automated in the Northern District of California, accusing Automated of infringing the Patents-in-Suit. (*Free-Flow Packaging International, Inc. v. Automated Packaging Systems, Inc.*, 17-cv-01803-SK, Doc. No. 1; attached as Ex. D.)

11. Upon information and belief, the Patents-in-Suit are assigned to and owned by FPI. True and correct copies of the two Patents-in-Suit are attached as Exhibits A and B.

12. In the Northern District of California case, FPI accused five Automated products that it collectively referred to as Automated Bubbles Webs:

- DuraClear 2000™ Bubbles on Demand

- AirPouch FastWrap HD Bubbles on Demand
- AirPouch FastWrap Anti-Static Bubbles on Demand
- EarthAware® DuraClear 2000 biodegradable Bubbles on Demand
- EarthAware® Recycled EZ-Tear AirPouch Bubbles on Demand

13. In the Northern District of California case, FPI also accused five Automated products that it collectively referred to as Automated EZ-Tear Webs:

- EarthAware® Recycled EZ-Tear Pillows
- EarthAware® Biodegradable EZ-Tear Pillows
- EarthAware® EX Blend™ Biodegradable Premium EZ-Tear Pillows
- DuraClear 2000™ EZ-Tear Pillows
- Anti-Static EZ-Tear Webs

14. In the Northern District of California case, FPI also accused the AirPouch® Express 3™ inflator machine as part of a system using the EZ-Tear Webs and referred to the system as Automated Packaging System.

15. On June 21, 2017 FPI counsel sent Automated counsel a cease and desist letter accusing Automated's Twin Pillow product of infringing the '774 patent. (Attached as Ex. F.)

16. On August 29, 2017, the Northern District of California dismissed FPI's complaint for improper venue. (*Id.* at Doc. No. 89.)

17. After FPI's Northern District of California complaint was dismissed, and on the same day Automated filed this Complaint, FPI filed a complaint for patent infringement against Automated asserting the Patents-in-Suit in the Central District of California. (*Free-Flow Packaging International, Inc. v. Automated Packaging Systems*, 2-17-cv-06398, Doc. No. 1, attached as Ex. E.) Automated disputes the infringement claims in this complaint.

4

18. In the Central District of California case, FPI accuses the following eight Automated products that it collectively refers to as Bubbles on Demand:

- DuraClear 2000™ Bubbles on Demand
- AirPouch FastWrap HD Bubbles on Demand
- AirPouch FastWrap Anti-Static Bubbles on Demand
- EarthAware® DuraClear 2000 Biodegradable Bubbles on Demand
- DuraClear 2000™ High Loft Biodegradable Bubbles on Demand
- DuraClear 2000™ High Loft Bubbles on Demand
- EarthAware® Recycled EZ-Tear AirPouch Bubbles on Demand
- Recycled High Loft Bubbles on Demand

19. In the Central District of California case, FPI also accuses Automated's Twin Pillows products of infringing the '774 patent.

20. In the Central District of California case, FPI also accuses the following five products that it collectively refers to as Automated EZ-Tear Pillows:

- EarthAware® Recycled EZ-Tear Pillows
- EarthAware® Biodegradable EZ-Tear Pillows
- EarthAware® EX Blend™ Biodegradable Premium EZ-Tear Pillows
- DuraClear 2000™ EZ-Tear Pillows
- Anti-Static EZ-Tear Webs

21. In the Central District of California case, FPI also accuses Automated's inflation machine called the AirPouch® Express 3™ of infringing the '743 patent.

5

22. FPI's two patent infringement cases filed against Automated and its cease and desist letter asserting the Patents-in-Suit constitute a clear and unmistakable threat of litigation against Automated.

### COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '774 PATENT

23. Automated incorporates the preceding paragraphs as if fully set forth herein.

24. Automated's Bubbles on Demand products and Twin Pillows have not directly infringed, and do not directly infringe, any claim of the '774 Patent.

25. Automated's Bubbles on Demand products and Twin Pillows have not contributorily infringed, and do not currently contributorily infringe, any claim of the '774 Patent.

26. Automated has not induced, and does not currently induce, any infringement of any claim of the '774 Patent.

27. The '774 patent contains 9 claims, including 2 independent claims and 7 dependent claims. Every claim of the '774 patent requires, *inter alia*, "preformed seal line elements within the interior of the chambers to permit the chambers to be folded along a line extending through the seal line elements." The '774 patent depicts these "preformed seal line elements" in Figure 18 (reproduced below), which are identified as number 62:



28. To obtain allowance of the '774 Patent, FPI argued to the USPTO that a prior art reference's disclosure of seal elements making up the *periphery of a chamber* cannot be considered "within the interior of the chamber," as recited in the claims of the '774 patent. (Ex. C, Prosecution History Excerpt.) Thus, the claimed "seal line elements" must be construed as located inside the chambers and not forming any part of the periphery of the chamber. Automated has not directly or indirectly infringed any claims of the '774 patent at least because the Bubbles on Demand product and the Twin Pillows product do not meet this claim element.

29. In particular, the Automated Bubbles on Demand products do not infringe any claims of the '774 patent at least because they do not have "preformed seal line elements within the interior of the chambers to permit the chambers to be folded along a line extending through the seal line elements." As depicted below, the Bubbles on Demand product has a plurality of hexagonal, *i.e.*, six-sided, chambers. In the image below, several of these chambers are outlined in red. These chambers have no seal line elements within interior of the chambers. Instead, the seal lines in the Bubbles on Demand product make up the periphery of the chambers. Thus, the Bubbles on Demand product does not meet the "preformed seal line elements within the interior of the chambers to permit the chambers to be folded along a line extending through the seal line

7

elements" limitation of the claims of the '774 patent. For this same reason, none of Automated's Bubbles on Demand products infringe any claims of the '774 patent.



30. The Twin Pillows product likewise does not infringe any claims of the '774 patent at least because it does not have "preformed seal line elements within the interior of the chambers to permit the chambers to be folded along a line extending through the seal line elements." As depicted below, the Twin Pillows product has cushions including three connected chambers. These three connected chambers are identified in the image below. These chambers have no seal line elements within interior of the chambers. Instead, the seal lines in the Twin Pillows product make up the periphery of each chamber. Thus, the Twin Pillows product does not meet the "preformed seal line elements within the interior of the chambers to permit the chambers to be folded along a line extending through the seal line elements" limitation of the claims of the '774

patent.



31.At least for the foregoing reasons, Automated is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Automated's Bubbles on Demand and Twin Pillow products do not infringe any claim of the '774 Patent.

### COUNT II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '743 PATENT

32.Automated incorporates the preceding paragraphs as if fully set forth herein.

33.Automated's Packaging System having the AirPouch® Express 3™ machine has not directly infringed, and does not directly infringe, any claim of the '743 Patent.

34.Automated's Packaging System has not contributorily infringed, and does not currently contributorily infringe, any claim of the '743 Patent.

9

35. Automated has not induced, and does not currently induce, any infringement of any claim of the '743 Patent.

36. The '743 Patent includes two independent claims. Independent claim 1 of the '743 Patent requires, among other things, a "slitting mechanism comprising a blade that slices open the relatively narrow longitudinally extending channel of the plastic film ...."

37. Independent claim 6 of the '743 Patent requires, among other things, a "slitting mechanism comprising a blade that slices open the relatively narrow longitudinally extending channel of the plastic film to allow the film ...."

38. The Automated Packaging System does not infringe independent claims 1 and 6 at least because it is missing one or more of the claimed limitations. For example, the Automated Packaging System is missing a "slitting mechanism comprising a blade that slices open the relatively narrow longitudinally extending channel of the plastic film to allow the film," as recited in claims 1 and 6.

39. The Automated Packaging System does not use any kind of "slitting mechanism," "blade," or any other structure that "slices open the ... channel of the plastic film." As depicted below, the AirPouch® Express 3™ machine of the Automated Packaging System uses a "Knifeless design":



40.     The "Knifeless design" uses a blunt surface that extends from the inflation nozzle for rupturing a series of perforations associated with the inflation channel of the film. A photograph identifying the blunt surface is shown below:



41.     The blunt surface is not a slitting mechanism because it does not slit anything. The blunt surface is not a blade because it is blunt. The blunt surface does not slice open the inflation channel of the film because it is does not slice anything.

11

42. A photograph of the EZ-Tear web's perforations associated with the inflation channel that are to be ruptured by the blunt surface is shown below:



43. At least for the foregoing reasons, Automated is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Automated's Packaging System does not infringe any claim of the '743 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Automated respectfully requests that this Court enter judgment in its favor as follows:

a) declare that Automated has not directly infringed, and does not currently directly infringe, any claim of the Patents-in-Suit;

b) declare that Automated has not jointly infringed, and does not currently jointly infringe, any claim of the Patents-in-Suit;

c) declare that Automated has not contributorily infringed, and does not currently contributorily infringe, any claim of the Patents-in-Suit;

d) declare that Automated has not induced, and does not currently induce, any infringement of any claim of the Patents-in-Suit;

e) declare this to be an exceptional case and award Automated its cost, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

f) award Automated any further and additional relief that this Court deems just and proper.

## JURY DEMAND

Automated requests under Federal Rule of Civil Procedure 38(b) a jury trial on all issues so triable.

Respectfully submitted,

Dated: August 29, 2012     By: _*/s/ Nenad Pejic*_____
Nenad Pejic (Ohio Bar No. 0066347)
npejic@calfee.com
Tracy Scott Johnson (Ohio Bar No. 0064579)
tjohnson@calfee.com
Georgia E. Yanchar (Ohio Bar No. 0071458)
gyanchar@calfee.com
Andrew W. Alexander (Ohio Bar No. 0091167)
aalexander@calfee.com
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Tel: (216) 622-8200
Fax: (216) 241-0816